UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD B. MENDY and<br>CHEF PROPERTIES, LLC | CIVIL ACTION |
| VERSUS | NO: 16-7443 |
| GRAHAM PACKARD, LLC,<br>ICE ICE LIVING, LLC,<br>YOGI GRAHAM, AND<br>DANIEL PACKARD | SECTION: "H" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (Doc. 55) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants Graham Packard, LLC ("Graham Packard"), Ice Ice Living, LLC ("Ice Ice"), and their owners, Yogi Graham ("Graham") and Daniel Packard ("Packard") (collectively "Defendants") filed this motion seeking to dismiss the claims of Plaintiffs Chef Properties, LLC and its owner Edward B. Mendy ("Mendy") (collectively "Plaintiffs") as set forth in Plaintiffs' Amended Complaint (Doc. 19), Second Amended Complaint (Doc. 41), and Third Supplemental Amended Complaint (Doc. 53) (collectively "Amended Complaint"). For the following reasons, the Motion is **GRANTED IN PART**.

1

## BACKGROUND

This matter arises out of an agreement to purchase property. On April 2, 2016, Plaintiffs executed a purchase agreement ("Agreement") to buy two properties from defendants Graham Packard and Ice Ice. Under the Agreement, Plaintiffs had two days from execution to deliver a $1,000 deposit into an escrow account, and thirty days from execution to conduct any desired due diligence, obtain financing, and submit an additional $9,000 deposit.

Plaintiffs' Amended Complaint alleges the following facts. On April 2, 2016, when Mendy met with Packard to execute the Agreement, the two discussed and agreed to change certain terms, namely, deferring the deadline for the inspection and second deposit to sixty days. Packard suggested incorporating these changes into an addendum rather than marking up the Agreement, and Mendy alleges that he executed the Agreement on the understanding that an addendum would follow shortly thereafter.

For two weeks following that meeting, Packard repeatedly assured Mendy that he was drafting the addendum. Subsequently, however, Packard notified Mendy that Graham Packard had received interest from other prospective buyers and wanted Mendy to "show proof of ability to close the sale before [Defendants] would execute the addendum." Mendy supplied the requested information, but Defendants failed to send any draft addendum and instead Packard notified Mendy that Defendants would likely go with another offer. On April 25, 2016, Mendy drafted an addendum and sent it to Packard, but received no response. Growing concerned, Mendy then attempted to comply with the terms of the Agreement and set up an appointment for inspection. Defendants failed to respond to Mendy's requests to make the properties available for inspection. Mendy did not hear from Packard until May 3, 2016—one day after the thirty day deadline—when Packard informed

Mendy that Defendants would not sign the addendum and considered the contract void because Mendy had failed to obtain an inspection and make the second deposit of $9,000 by the thirty day deadline as set out in the Agreement.

Plaintiffs subsequently filed the Amended Complaint alleging sixteen claims:

- Claim One– Breach of Contract;
- Claim Two– Breach of Contract as to Post-Termination Violations;
- Claim Three– Inducing Breach of Contract;
- Claim Four– Interference with Business Relations;
- Claim Five – Intentional Interference with Contract;
- Claim Six– Libel and Slander;
- Claim Seven– Unfair Business Practices;
- Claim Eight– Breach of Duty of Good Faith and Fair Dealing;
- Claim Nine– Civil Conspiracy;
- Claim Ten– Tortious Conduct;
- Claim Eleven– Unjust Enrichment;
- Claim Twelve– Justifiable (Detrimental) Reliance;
- Claim Thirteen– Fraud;
- Claim Fourteen– Mail and Wire Fraud;
- Claim Fifteen– Punitive Damages; and
- Claim Sixteen– Expenses of Litigation and Attorney's Fees.

Defendants filed the instant Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. They argue that Plaintiffs' claims cannot succeed because the addendum is unenforceable. They also argue that under the terms of the Agreement Plaintiffs may seek only specific performance or the return of the deposit. Because this Court ultimately decides that Plaintiffs have failed to state a claim for breach of contract, it need not address Defendants' other arguments.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead

enough facts "to state a claim to relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice.[6]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[7]

## LAW AND ANALYSIS

### I.  Claims One and Two

Defendants argue that Plaintiffs' claims for breach of contract fail because the parties did not have a valid binding contract with addendum. Defendants assert that the addendum that Plaintiffs allege was agreed upon by the parties is not valid because it was never put into writing, and Defendants therefore cannot have breached the Agreement.  Plaintiff does not address this argument, but rather, argues that the Amended Complaint asserts a breach of contract whether or not the addendum is valid.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.

Under Louisiana law, a contract to sell immovable property must be in writing and "must be made by authentic act or by act under private signature."[8] Generally, "[t]estimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature."[9] However, in the interest of justice, evidence "may be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement."[10] In addition, "[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen."[11] "It is . . . axiomatic that, with a few exceptions, parol evidence may not be received to supplement any agreement concerning the sale of an immovable. The designation of the sale should properly be based exclusively on the written act of sale."[12] The Louisiana Supreme Court has stated that "an extension of the time stipulated in a written promise or option to buy or sell real estate must be in writing."[13] Accordingly, Defendants are correct that the addendum outlined in the Amended Complaint is unenforceable and did not vary the contract signed by the parties.

Plaintiffs argue, however, that Defendants breached the Agreement whether or not the addendum is enforceable. Plaintiffs allege that while they fully complied with the terms of the contract, Defendants made clear their intentions to repudiate the contract and award the sale to another party. "The doctrine of anticipatory breach of contract applies when an obligor announces he will not perform an obligation which is due sometime in the future. The

---

[8] La. Civ. Code art. 1839.
[9] La. Civ. Code art. 1848.
[10] *Id.*
[11] La. Civ. Code Ann. art. 1832.
[12] *Strange v. Kennard*, 763 So. 2d 710, 712 (La. App. 1 Cir. 2000).
[13] *Di Cristina v. Weiser*, 42 So. 2d 868, 871 (La. 1949).

5

obligee need not wait until the obligor fails to perform for the contract to be considered in breach."[14] This Court, however, is not convinced that Plaintiffs have alleged sufficient facts to support an anticipatory breach of contract claim. The Amended Complaint alleges that Defendants alerted Plaintiffs that were entertaining other offers on the property during the period within which Plaintiffs were supposed to perform their due diligence.[15] Plaintiffs allege that they became concerned about Defendants' lack of responsiveness and requested that the property be made available for inspection. Plaintiffs allege that Defendants did not respond to their request and did not make the property available for inspection. Plaintiffs do not allege, however, when the request was made or whether reasonable terms were sought. Pursuant to the Agreement, Plaintiff had until May 2, 2016 to complete due diligence, obtain financing, and tender the remaining $9,000 deposit. From the Amended Complaint, this Court can infer that the request for inspection occurred sometime after April 25, 2016. It is not clear, however, whether the request occurred within the 30 days provided by the Agreement. In short, Plaintiffs have not shown that they fully complied with the requirements of the contract prior to Defendants' repudiation or refusal to make the property available for inspection. Accordingly, Plaintiffs' breach of contract claims are dismissed, and Plaintiffs are given leave to amend their Amended Complaint to the extent that they can remedy this pleading deficiency.

### II. Claims Three through Sixteen

Defendants next argue that Plaintiffs' remaining claims fail because they are premised on the existence of a valid and binding contract. Defendants

---

[14] *Fertel v. Brooks*, 832 So. 2d 297, 305 (La. App. 4 Cir. 2002); *see Marek v. McHardy*, 101 So. 2d 689, 695 (1958).
[15] Such a statement does not rise to the level of repudiation.

allege that because Plaintiffs have not alleged a breach of contract, their remaining claims too cannot stand. This Court agrees that, save a few, Plaintiffs' claims are premised on a breach of contract. Because Plaintiffs have not sufficiently alleged a breach of contract, those claims too fail. Plaintiffs' claims for libel, slander, and , however, are based on other grounds and cannot be dismissed solely for Plaintiffs' failure to plead a breach of contract.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED IN PART**. All of Plaintiffs' claims—save libel, slander, and fraud—are **DISMISSED WITH PREJUDICE**. Plaintiffs shall amend their Complaint within 20 days of this Order to the extent that they can remedy the deficiencies identified herein.

New Orleans, Louisiana this 8th day of March, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7