UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD B. MENDY and
CHEF PROPERTIES, LLC                                    CIVIL ACTION

VERSUS                                                  NO: 16-7443

GRAHAM PACKARD, LLC,
ICE ICE LIVING, LLC,
YOGI GRAHAM, AND
DANIEL PACKARD                                          SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 73). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendants Graham Packard, LLC ("Graham Packard"), Ice Ice Living, LLC ("Ice Ice"), and their owners, Yogi Graham ("Graham") and Daniel Packard ("Packard") (collectively "Defendants") filed this motion seeking summary judgment on all claims of Plaintiffs Chef Properties, LLC and its owner Edward B. Mendy ("Mendy") (collectively "Plaintiffs") as set forth in Plaintiffs' Fourth Amended Complaint (Doc. 66), other than claims for fraud, libel, or slander.

1

This matter arises out of an agreement to purchase property. On April 2, 2016, Plaintiffs executed a purchase agreement ("Agreement") to buy two properties from defendants Graham Packard and Ice Ice. Under the Agreement, Plaintiffs had two days from execution to deliver a $1,000 deposit into an escrow account, and thirty days from execution to conduct any desired due diligence, obtain financing, and submit an additional $9,000 deposit.

Plaintiffs' Amended Complaint,[1] Second Amended Complaint,[2] and Third Supplemental Amended Complaint[3] allege the following facts. On April 2, 2016, when Mendy met with Packard to execute the Agreement, the two discussed and agreed to change certain terms, namely, extending the deadline for the inspection and second deposit to sixty days. Packard suggested incorporating these changes into an addendum rather than marking up the Agreement, and Mendy executed the Agreement on the understanding that an addendum would follow shortly thereafter.

Subsequently, however, Packard notified Mendy that Graham Packard had received interest from other prospective buyers and would likely go with another offer. On April 25, 2016, Mendy drafted an addendum and sent it to Packard, but received no response. Mendy then attempted to comply with the terms of the Agreement and set up an appointment for inspection. Defendants failed to respond to Mendy's requests to make the properties available for inspection. Mendy did not hear from Packard until May 3, 2016—one day after the thirty-day deadline—when Packard informed Mendy that Defendants would not sign the addendum and considered the contract void because Mendy had failed to obtain an inspection and make the second deposit of $9,000 by the thirty-day deadline as set out in the Agreement. Plaintiffs allege claims based

---

[1] Doc. 19.
[2] Doc. 41.
[3] Doc. 53.

on breach of contract, fraud, and defamation.

On May 23, 2017, the Court dismissed all of Plaintiffs' claims that were predicated on Defendants' breach of contract.[4] Plaintiffs' claims for fraud, libel, and slander remain. The Court held that the Agreement was a valid and binding contract, but that any proposed addendum was not enforceable because it was not in writing. According to the terms of the Agreement, Plaintiffs had until May 2, 2016 to pay the remaining $9,000 deposit. Plaintiffs' failure to tender the additional money by May 2nd constituted a breach, releasing Defendants from the obligation to sell the property to Plaintiffs.

In opposition to the motion to dismiss, Plaintiffs argued that Defendants refused to make the property available for inspection, thereby breaching the Agreement before May 2nd and excusing Plaintiffs' failure to make the additional deposit. The Court held that while such interference could excuse Plaintiffs' breach, Plaintiffs had not sufficiently plead either that Plaintiffs were ready to perform on or before May 2, 2016, or that Defendants prevented an actual inspection before then. The Court granted leave to amend Plaintiffs' Complaint to correct the deficiency.

Plaintiffs filed a Fourth Amended Complaint, alleging that Plaintiffs tried to coordinate inspection of the properties between April 16 and May 2, 2016, and that Defendants refused to respond to those requests.[5]

Defendants now move for partial summary judgment. Defendants argue that Plaintiffs neither requested inspection nor tendered the additional deposit before May 2, 2016, and that Plaintiffs have therefore failed to correct the previously fatal deficiencies in their Complaint.[6]

---

[4] Doc. 65.
[5] Doc. 66 at 15.
[6] Doc. 73-1 at 6.

## LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[9] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[10] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[11] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[12] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would

---

[7] Fed. R. Civ. P. 56 (2012).
[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[9] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[10] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[11] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[12] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

prove the necessary facts."[13] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[14]

## LAW AND ANALYSIS

The sole issue remaining with respect to Plaintiffs' contract claims is whether Defendants prevented Plaintiffs from conducting due diligence by failing to make the properties available for inspection before May 2, 2016. The purchase agreement obligated Plaintiffs to conduct whatever due diligence Plaintiffs desired, obtain financing, and submit an additional $9,000 non-refundable deposit by May 2, 2016.[15] The Agreement correspondingly obligated Defendants to allow Plaintiff to inspect the properties as a part of that diligence. The parties do not dispute that Plaintiffs failed to tender the $9,000 deposit by May 2nd. By failing to submit the deposit, Plaintiffs breached the Agreement. However, as the Court reasoned when dismissing Plaintiffs' claims, any interference with Plaintiffs' inspection of the properties before May 2nd could represent a breach by Defendants that excuses Plaintiffs' failure to submit the additional deposit.

Plaintiffs bear the burden to show that their breach of contract was justified by Defendants' interference, and at the summary judgment stage, Plaintiffs therefore must point to specific evidence in the record sufficient to sustain such a finding.[16] Unsubstantiated assertions are not sufficient to meet that burden.[17] Here, Plaintiffs do not point to any evidence to support the assertion in the Fourth Amended Complaint that Defendants precluded

---

[13] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[14] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[15] Doc. 73-1 at 8.
[16] *See Johnson*, 379 F.3d at 301.
[17] *Little*, 37 F.3d at 1075.

5

inspection prior to May 2, 2016. Plaintiffs have produced no evidence, for example, of any communication before May 2nd in which Plaintiffs attempt to schedule an inspection with Defendants or in which Defendants deny Plaintiffs access to the properties.

There is a dispute of fact as to when Plaintiffs first contacted an inspection firm regarding the properties subject to the Agreement, but that fact is immaterial.[18] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[19] When Plaintiffs contacted property inspectors is not relevant unless Plaintiffs can also show that Defendants interfered with Plaintiffs' attempts to inspect the property. Because Plaintiffs do not point to any evidence of interference, this dispute is not material and does not prevent summary judgement.

Furthermore, although the lack of evidence of interference is alone fatal to Plaintiffs' contract claims, the evidence Plaintiffs do submit tends to establish that an inspection was not even scheduled, let alone interfered with, before May 2nd. According to Plaintiffs, the inspectors required two weeks of lead time to schedule an inspection.[20] Plaintiffs' emails show that as of April 25, 2016, only one week from May 2, Plaintiffs were still negotiating with the inspection firm over the cost of the inspections.[21]

Plaintiffs have not produced any evidence that, even when construed in the light most favorable to Plaintiffs, supports the claim that Defendants either prevented Plaintiffs from performing Plaintiffs' obligation to tender the

---

[18] Compare Doc. 73-1 at 12, an affidavit stating that the inspection firm did not hear from Plaintiffs about the relevant properties until May 13, 2016, with Doc. 80-16 at 4–5, an email from the inspection firm to Plaintiffs regarding the properties on April 20.
[19] *Anderson*, 477 U.S. at 248.
[20] Doc. 80-14 at 4, 12.
[21] *See* Doc. 80-17 at 2.

$9,000 deposit or breached Defendants' obligation to make the properties available for inspection. Plaintiffs' excuses for the failure to tender the deposit, while interesting, have no bearing on the terms of the contract.

## CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment is **GRANTED**. All of Plaintiffs' claims—save libel, slander, and fraud—are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 18th day of August, 2017.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**