UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD B. MENDY and
CHEF PROPERTIES, LLC                    CIVIL ACTION

VERSUS                                  NO: 16-7443

GRAHAM PACKARD, LLC,
ICE ICE LIVING, LLC,
YOGI GRAHAM, AND
DANIEL PACKARD                          SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment on Plaintiffs' Remaining Claims (Doc. 89). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Defendants are Graham Packard, LLC ("Graham Packard"), Ice Ice Living, LLC ("Ice Ice"), and their owners, Yogi Graham ("Graham") and Daniel Packard ("Packard") (collectively "Defendants"). This matter arises out of an agreement to purchase property in which Plaintiffs Chef Properties, LLC and its owner Edward B. Mendy ("Mendy") (collectively "Plaintiffs") executed a purchase agreement ("the Agreement") to buy two properties from Defendants

1

Graham Packard and Ice Ice. Under the Agreement, Plaintiffs had two days from execution to deliver a $1,000 deposit into an escrow account, and thirty days from execution to conduct any desired due diligence, obtain financing, and submit an additional $9,000 deposit.

Plaintiffs' Amended Complaint (Doc. 19), Second Amended Complaint (Doc. 41), Third Supplemental Amended Complaint (Doc. 53), and Fourth Amended Complaint (Doc. 66) (collectively "Amended Complaint") set forth the following facts. On April 2, 2016, when Mendy met with Packard to execute the Agreement, the two discussed and agreed to change certain terms, namely, deferring the deadline for the inspection and second deposit to sixty days. Packard suggested incorporating these changes into an addendum rather than marking up the Agreement, and Mendy alleges that he executed the Agreement on the understanding that an addendum would follow shortly thereafter.

For two weeks following that meeting, Packard repeatedly assured Mendy that he was drafting the addendum. Subsequently, however, Packard notified Mendy that Graham Packard had received interest from other prospective buyers and wanted Mendy to "show proof of ability to close the sale before [Defendants] would execute the addendum." Mendy supplied the requested information, but Defendants failed to send any draft addendum, and instead, Packard notified Mendy that Defendants would likely go with another offer. On April 25, 2016, Mendy drafted an addendum and sent it to Packard but received no response. Growing concerned, Mendy then attempted to comply with the terms of the Agreement and set up an appointment for inspection. Defendants failed to respond to Mendy's requests to make the properties available for inspection. Mendy did not hear from Packard until May 3, 2016—one day after the thirty day deadline—when Packard informed

Mendy that Defendants would not sign the addendum and considered the contract void because Mendy had failed to obtain an inspection and make the second deposit of $9,000 by the thirty day deadline as set out in the Agreement.

Plaintiffs subsequently filed suit alleging sixteen claims. This Court has dismissed all of Plaintiffs' claims, save their claims for libel, slander, and fraud.[1] In doing so, the Court held that Plaintiffs had not put forth any evidence that Defendants interfered with their performance of the Agreement, and their breach was therefore not justified.

Defendants now move for summary judgment on Plaintiffs' remaining claims. Plaintiffs have failed to respond to Defendants' Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the proper inquiry to an unopposed motion for summary judgment is to determine whether the facts advanced in the motion and supported by appropriate evidence make out a prima facie case that the movant is entitled to judgment.[3]

### LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue

---

[1] *See* Docs. 65, 86.
[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012)*;* Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*,* 757 F.2d 698, 709 (5th Cir.1985).
[3] *See* Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 164 (5th Cir. 2006); Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).
[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Defendants move for summary judgment on Plaintiffs' remaining claims

---

[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

4

of fraud and defamation. This Court will consider each claim in turn.

### A. Fraud

Under Louisiana law, fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[12] In order to succeed on a fraud claim, Plaintiffs must show: "(1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused the plaintiff's injury."[13] Plaintiffs' Amended Complaint alleges that Defendants committed fraud when they mislead Plaintiffs about their intention to allow additional time within which to complete the inspection and tender the second deposit. Defendants argue that Plaintiffs cannot present evidence to support this claim, and indeed, they have not. There is no evidence in the record that Defendants made a misrepresentation to Defendants regarding an addendum to the Agreement. Even so, such reliance would not have been reasonable given that "an extension of the time stipulated in a written promise or option to buy or sell real estate must be in writing."[14] Accordingly, Plaintiffs' fraud claims are dismissed.

### B. Defamation

Defamation, often referred to as libel or slander, is a tort that involves the "invasion of a person's interest in his or her reputation and good name."[15] In order to prove a claim of defamation, Plaintiffs must show: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and

---

[12] LA. CIV. CODE art. 1953
[13] First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc., 178 F. Supp. 3d 390, 401 (E.D. La. 2016).
[14] Di Cristina v. Weiser, 42 So. 2d 868, 871 (La. 1949).
[15] Trentecosta v. Beck, 703 So. 2d 552, 559 (La. 1997) (internal quotations omitted).

5

(4) resulting injury. Thus a plaintiff, in order to prevail in a defamation action, must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages."[16] Plaintiffs' Amended Complaint alleges that Defendants defamed Plaintiffs when they told third parties that the Agreement was invalid or breached or that Plaintiffs had no right or desire to purchase the Subject Properties. Plaintiffs allege that Defendants made defamatory statements "with the intent of conveying the false and defamatory idea that [Plaintiffs were] propagating a deliberate falsehood by asserting that [they] had an agreement with [Defendants] for the purchase of the Properties."[17]

There is no evidence in the record of any specific, defamatory statements made by Defendants regarding Plaintiffs or their purchase of the Subject Properties. Defendants submit affidavits from Defendants Packard and Graham, attesting that no such statements were made. In addition, this Court has already held that Plaintiffs did indeed breach the Agreement by failing to timely tender the second deposit. "Truth is an absolute defense to an action for defamation."[18] Accordingly, Defendants have made out a prima facie case that they are entitled to judgment on Plaintiffs' remaining claims.

---

[16] *Id.*
[17] Doc. 66, p. 31.
[18] Bell v. Rogers, 698 So. 2d 749, 755 (La. App. 2 Cir. 1997).

6

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and Plaintiffs' remaining claims against Defendants are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 3rd day of April, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**